**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Allen Beaulieu,<br><br>        Plaintiff,<br><br>v.<br><br>Clint Stockwell, Studio 1124, LLC, et al.,<br><br>        Defendants. | Court File No. 16-cv-03586 DWF-HB<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIM** |

Defendants Clint Stockwell and Studio 1124, LLC, (except where specifically stated, collectively "Defendants") for their response to the Complaint herein, state and allege as follows:

1.      Defendants deny each and every allegation of the Complaint except as hereafter stated.

2.      With respect to Paragraphs 1 and 2 of the Complaint, Defendants neither admit nor deny such allegations because these paragraphs are introductory in nature.

3.      Defendants admit the allegations of Paragraphs 3, 4, and 5 of the Complaint, except that Defendants lack sufficient knowledge and information regarding alleged copyrights.

4.      Defendants admit the allegations of Paragraph 6 as to the identification of the Defendants.

5.      With respect to the allegations of Paragraphs 7 and 8 of the Complaint, Defendants lack sufficient knowledge and information to admit or deny such allegations.

6. Defendants deny Paragraph 9.

7. With respect to the allegations of Paragraphs 10, 11, 12, and 13 of the Complaint, Defendants admit the jurisdiction of this Court and consent to venue in the District of Minnesota.

8. Defendants lack sufficient knowledge and information to admit or deny the allegations of Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 of the Complaint.

9. With respect to the allegations of Paragraph 25, Defendant Stockwell admits that he understood that Plaintiff was interested in publishing a book containing photographs of Prince. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations of this paragraph.

10. With respect to the allegations of Paragraphs 26 and 27, Defendants admit that Plaintiff and Defendant Stockwell have known each other for many years and previously discussed book projects relating to the publication of certain photographs of Prince that were taken by Plaintiff many years ago.

11. With respect to the allegations of Paragraph 28, Defendant Stockwell agreed to explore a book project with Plaintiff. Stockwell's role in the project was to provide layout and design concepts. Plaintiff gave a computer drive to Stockwell which contained digital copies of approximately 170 images of Prince.

12. Defendants deny the allegations of Paragraphs 29, 30, and 31.

13. With respect to the allegations of Paragraphs 32 and 33, Defendants admit that Prince died on or about April 21, 2016. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations of these paragraphs.

14. Defendants lack sufficient knowledge and information to admit or deny the allegations of Paragraph 34.

15. Defendants deny Paragraph 35.

16. With respect to the allegations of Paragraph 36, Defendant Stockwell agreed to assist Plaintiff in the digitization of photographs. Plaintiff did not have the capacity or the ability to digitize the photographs himself. This work was to be pursued in furtherance of the book project. Defendants deny the remaining allegations of this paragraph.

17. With respect to the allegations of Paragraphs 37 and 38, Defendants admit that Stockwell told Plaintiff that he had the ability to make digital copies of photographs. However, Defendants specifically deny the quotation stated in Paragraph 38. Stockwell did purchase an iMac computer. This computer was purchased so that the digitization project would be more efficient. The scanned copies of the photographs that were provided by Plaintiff to Stockwell were poorly executed and required an excessive amount of time to view. Defendant Stockwell has always conceded that the photographs were the property of the Plaintiff. Defendants deny any remaining allegations of these paragraphs.

18.     Defendants lack sufficient knowledge and information to admit or deny the allegations of Paragraph 39.

19.     With respect to the allegations of Paragraphs 40, 41, and 42, Defendants admit that during mid-May, 2016, Stockwell visited Plaintiff's home.  At that time, Plaintiff identified several unorganized boxes containing 35 mm slides, photographs, contact sheets, and other miscellaneous photographic material that Plaintiff contended were images of Prince.  Plaintiff asked Defendant Stockwell to digitize this material so that the material could be utilized in connection with the proposed book project.  Defendants specifically deny that all of Plaintiff's photos of Prince were removed from Plaintiff's home.  Further, Defendants lack sufficient knowledge and information to admit or deny any remaining allegations of these paragraphs.

20.     With respect to the allegations of Paragraph 43, Defendant Stockwell received a computer drive from Plaintiff which contained photographs of Prince.  Defendants lack sufficient knowledge and information with respect to the capacity or other characteristics of the drive.

21.     With respect to the allegations of Paragraph 44, Stockwell denies such allegations because he had previously purchased a computer to read and organize images in connection with the proposed book project.

22.     With respect to the allegations of Paragraphs 45 and 46, Defendants admit that no receipt was provided for the transfer of material that took place in mid-May, 2016.  However, another person, Thomas Crouse was present at this occasion.  Mr. Crouse

admitted that he would be a witness to the transfer of the documents and materials. Thomas Crouse also provided services regarding the book project. Defendants deny the remaining allegations of these paragraphs.

23. With respect to the allegations of Paragraph 47 and 48, Stockwell made some progress in viewing the materials and organizing the materials that had been received from Plaintiff. However, much of the material was very old, stained by cigarette smoke, yellowed from age, and generally disorganized. Stockwell was unable to complete the digitization progress during this period of time. Defendant Stockwell admits that on or about June 21, 2016, Plaintiff requested the return of the material. However, the parties then had a discussion about how to move forward with the book project.

24. Defendants deny the allegations of Paragraphs 50, 51, 52, and 53.

25. With respect to the allegations of Paragraphs 54 and 55, Stockwell admits that he sent an e-mail to Plaintiff on August 1, 2016. However, the subject of the e-mail was an invoice for Stockwell's and Crouse's services in connection with the book project. Stockwell had been in discussions, generally, with a person who had knowledge of some aspects of the museum book trade in Europe. However, these discussions were speculative, incomplete, and not conclusive. Defendants deny the remaining allegations of these paragraphs.

26. Defendants deny the allegations of Paragraph 56.

27. With respect to the allegations of Paragraph 57, Stockwell admits that he has talked to Pepe Willie about various aspects of the book project. Defendants deny the remaining allegations of this paragraph.

28. With respect to the allegations of Paragraphs 58 and 59, Defendants admit that Stockwell, in furtherance of the book project, communicated with persons who might have an interest in investing in the book project and also discussed the value of photographs of various artists. Defendants deny the remaining allegations of these paragraphs.

29. Defendants admit the allegations of Paragraph 60.

30. Defendants deny the allegations of Paragraphs 61, 62, 63, 64, and 65.

31. With respect to the allegations of Paragraphs 66, 67, 68, and 69, Defendants admit that Plaintiff engaged an attorney who communicated with Stockwell. With respect to Plaintiff's ownership, the Defendants have always conceded that the photographs were owned by the Plaintiff.

32. With respect to the allegations of Paragraphs 70, 71, 72, 73, 74, and 75, Defendants admit that Stockwell and Plaintiff's counsel had a number of communications during October, 2016, the copies of which are the best evidence as to any correspondence or e-mail communications. Defendants deny any conclusory allegations with respect to legal rights, claims, defenses, or the violations of any legal rights.

33. Defendants deny Paragraph 76.

34. Defendants lack sufficient knowledge and information to admit or deny the allegations of Paragraph 77.

35. With respect to the allegations of Paragraph 78, Defendant Stockwell delivered numerous materials to Plaintiff's counsel. Defendants lack information and knowledge as to the allegation that Plaintiff transferred all of his images of Prince to Defendant Stockwell.

36. Defendants deny the allegations of Paragraphs 79 and 80.

37. With respect to the allegations of Paragraph 81, Defendants hereby restate their responses to Paragraphs 1 through 80.

38. Defendants have conceded that Plaintiff is the owner of certain photographs of Prince. However, with respect to copyright and any associated rights and interests, the Defendants lack sufficient knowledge and information to admit or deny such allegations.

39. Defendants deny Paragraphs 83 and 84.

40. With respect to the allegations of Paragraph 85, Defendants hereby restate their responses to Paragraphs 1 through 84.

41. Defendants deny Paragraphs 86 and 87.

42. With respect to the allegations of Paragraph 88, Defendants hereby restate their responses to Paragraphs 1 through 87.

43. Defendants deny the allegations of Paragraphs 89 and 90.

44. With respect to the allegations of Paragraph 91, Defendants hereby restate their responses to Paragraphs 1 through 90.

45. Defendants deny the allegations of Paragraphs 92, 93, 94, and 95.

46. With respect to the allegations of Paragraph 96, Defendant hereby restate their responses to Paragraphs 1 through 95.

47. With respect to the allegations of Paragraph 97, Stockwell admits that he received certain property from Plaintiff. However, Defendants deny the conclusions and other allegations made by Plaintiff in the Complaint with respect to the handling and transmission of such documents.

48. Defendants deny Paragraphs 98 and 99.

49. With respect to the allegations of Paragraph 100, Defendants hereby restate their responses to Paragraphs 1 through 99.

50. Defendants hereby deny the allegations of Paragraphs 101, 102, 103, 104, 105, and 106.

51. With respect to the allegations of Paragraphs 107, Defendants hereby restate their responses to Paragraphs 1 through 106.

52. Defendants deny the allegations of Paragraphs 108, 109, 110, and 111.

53. With respect to the allegations of Paragraph 112, Defendants hereby restate their responses to Paragraphs 1 through 111.

54. Defendants deny the allegations of Paragraphs 113, 114, 115, and 116.

WHEREFORE, Defendants hereby request that the Court dismiss each and every claim of the Complaint with prejudice and award Defendants their reasonably incurred costs and disbursements.

**AFFIRMATIVE DEFENSES**

55. The claims alleged in the Complaint fail to state claims upon which relief can be granted.

56. Count Six of the Complaint, Fraud, fails to allege acts of fraud with particularity and, therefore, fails to state a claim upon which relief can be granted.

57. Plaintiff should be estopped from asserting any claims against the Defendants because Stockwell returned Plaintiff's property to Plaintiff's counsel.

58. Defendants hereby reserve the right to assert additional defenses as facts are disclosed during the course of discovery.

**COUNTERCLAIMS**

Defendant Clint Stockwell ("Stockwell") for his Counterclaims against Plaintiff, states and alleges as follows:

1. Stockwell is a resident of this judicial district and asserts claims with respect to matters that arose within the District of Minnesota.

2. Allen Beaulieu is a resident of this judicial district and has invoked the jurisdiction of this Court in his main action.

3. The District of Minnesota is the proper venue for the trial of this action.

4. Plaintiff and Stockwell have been acquaintances since attending high school.

5. Plaintiff is aware that Stockwell has been engaged in photographic design and layout activities for many years, including the preparation and publication of photographs and other media.

6. On two occasions prior to 2016, Plaintiff approached Stockwell with book publication ideas relating to Plaintiff's photographs of Prince. On each occasion, Stockwell performed substantial services in furtherance of book projects proposed by the Plaintiff.

7. On each of the prior occasions, Stockwell did not receive any compensation whatsoever from Plaintiff with respect to services provided by Stockwell relating to the prior book projects.

8. In late 2015, Plaintiff contacted Stockwell and stated that he was prepared to move forward with a book project relating to the publication of Plaintiff's photographs of Prince. The parties discussed numerous ideas relating to a book publication.

9. Plaintiff also contacted a publisher, Thomas Crouse, because Crouse had experience relating to the publication of artistic publications in the United States.

10. Plaintiff, Stockwell, and Crouse had numerous discussions and meetings during the first half of 2016 relating to the proposed book project. On no occasion did Plaintiff state that Stockwell and Crouse would not be compensated for their efforts.

11. After Prince's death in April, 2016, Plaintiff contended that he was receiving additional requests to sell his photographs of Prince. Plaintiff informed Stockwell that he wanted to increase the photographs in the proposed book to a number approaching 500 photographs.

12. Stockwell informed Plaintiff that the project would be substantially increased by adding more photographs. Stockwell understood that Plaintiff was aware of

the additional work to be performed with respect to adding photographs to the proposed book.

13.     Stockwell and Crouse met with Plaintiff at Plaintiff's residence at which time Plaintiff transferred a number of photographic materials to Stockwell that Plaintiff alleged contained images of Prince.  However, the materials were in disarray and required very substantial work to organize, read, and decipher.

14.     Plaintiff abruptly terminated Stockwell's work without reason and without cause.  Stockwell urgently informed Plaintiff that if he wanted to expand the book to several hundred photographs of Prince, much work needed to be done to organize and prepare the new photographs for organization into book form.

15.     Despite Stockwell's reasonable explanations to Plaintiff, Plaintiff unilaterally discontinued the business relationship between the parties.

## **UNJUST ENRICHMENT**

16.     Plaintiff has received the benefit of substantial professional services from Stockwell, all of which were clearly communicated to Plaintiff in a timely fashion.

17.     On or about August 31, 2016, Stockwell sent an invoice to Plaintiff indicating that Stockwell was charging the amount of $24,000 to Plaintiff for compensation on the proposed book project.  The invoice includes approximately $5,500 in compensation to Thomas Crouse for his services in assisting in the proposed book project.

18. Plaintiff received the benefit of Stockwell's expertise and services. It would be unjust and inequitable for Plaintiff to retain the benefit of Stockwell's services without compensation to Stockwell.

19. Plaintiff has been unjustly enriched by his failure to compensate Stockwell for his services relating to the proposed book project. Therefore, Stockwell seeks the judgment of this Court in the amount of $24,000 against Plaintiff.

## BREACH OF ORAL PARTNERSHIP

20. Stockwell hereby restates the factual allegations contained in paragraphs 1 through 19, above.

21. The business relationship between Plaintiff and Stockwell constitutes an oral partnership.

22. A term of the oral partnership permitted the participants, including Stockwell, to obtain compensation for services provided in furtherance of the partnership venture.

23. The partnership venture was the proposed publication of a book containing photographs of Prince taken by Plaintiff.

24. Plaintiff has refused to compensate Stockwell for services rendered in connection with the partnership project.

25. Plaintiff has breached the oral partnership by refusing to compensate Stockwell for his services.

WHEREFORE, Stockwell hereby requests the judgment of this Court against Plaintiff in the amount of $24,000, or such amount as the Court deems just and equitable with respect to the Plaintiff's breach of the oral partnership agreement.

MESSERLI & KRAMER P.A.

Dated:  November 14, 2016         s/George R. Serdar
George R. Serdar (#99259)
John R. Beattie (#5769)
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402-4218
(612) 672-3600
gserdar@messerlikramer.com

ATTORNEYS FOR DEFENDANTS