UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Allen Beaulieu, individually and D/B/A Allen Beaulieu Photography, | CASE NO. 16-cv-3586 (DWF/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT** |
| Clint Stockwell, an individual; Studio 1124, LLC, a Minnesota limited liability company and Does 1 through 7, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, Allen Beaulieu, (hereinafter "Plaintiff" or "Beaulieu") respectfully submits this Memorandum of Law in support of his motion to for leave to amend his Complaint against Defendants. Plaintiff simply seeks to amend his original Complaint to specifically identify two previously-pled and involved Doe Defendants, by inserting the actual names of those defendants; Thomas Martin Crouse and Charles Willard "Chuck" Sanvik.

## RELEVANT FACTS

Plaintiff initially pled his Complaint, understanding other actors were likely working in concert with the initially-identified defendants, Clint Stockwell ("Stockwell") and Studio 1124, LLC ("Studio 1124") (collectively, Stockwell and Studio 1124 are referred to as the "Stockwell Defendants"). Accordingly, in his original Complaint he named seven so-called "Doe Defendants," to acknowledge such understanding and to further serve as placeholder for the specific identities of those actors, once determined.

1

During the initial phase of informal discovery in this matter, the identities of two of those seven Doe Defendants have become clear, as Thomas Martin Crouse and Charles Willard "Chuck" Sanvik. Accordingly, Plaintiff seeks to replace two of the generic, space-holder Doe Defendants with these specific parties' names.

No proposed amendments seek to add additional claims.

Plaintiff has attempted to seek leave to amend through written agreement from the current Defendants, pursuant to Federal Rule 15(a)(2). However, counsel for those Defendants is not immediately available to sufficiently meet and confer to secure such written consent, prior to this Court's deadline to file and serve motions seeking leave to amend to add parties. Accordingly, Plaintiff brings this motion, consistent with this Court's Scheduling Order (ECF No. 12) as amended by Order (ECF No. 24, ¶ 1) and prior to the deadline established to amend or supplement the pleadings or to add parties.

## ARGUMENT

I.  **LEGAL STANDARD FOR AMENDMENT OF PLEADINGS.**

Under the Federal Rules of Civil Procedure, both opposing parties and courts are encouraged to freely consent to, or grant, leave to amend pleadings. Rule 15(a)(2) of the Federal Rules of Civil Procedure states in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) continues: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

This liberal policy of permitting amendments is to "facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181 (1962), quoting *Conly v. Gibson*, 355

U.S. 41, 48 (1957), abrogated in part on other grounds. Courts are encouraged to grant motions to amend that are sought at the early stages of a case. See *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (finding district court committed reversible error by denying motion to amend complaint at an early stage of the case).

Leave to amend a complaint should be freely given in the absence of any apparent or declared reasons, such as undue delay, bad faith, dilatory motive on the part of movant, repeated failure to cure deficiencies or undue prejudice. In other words, a district court's denial of leave to amend pleadings is "appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice" can be demonstrated. *Roberson v. Hayti Police Department*, 241 F.3d 992, 995 (8th Cir. 2001) citing *Foman,* 371 U.S. at 182 (stating "In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'").

Undue prejudice "must be shown" by the opposing party before a motion seeking an otherwise appropriate amendment is to be denied. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). The burden of establishing undue prejudice is upon the party opposing the amendment. See, *McDonald v. Stonebraker*, 255 N.W.2d 827, 830 (Minn. 1977). Merely having to defend against additional claims does not establish the required prejudice necessary to prevent the amendment. *Bridgewater Telephone Co. Inc. v. City of Monticello*, 765 N.W.2d 905, 916 (Minn. Ct. App. 2009).

One final factor the courts look to when determining whether to allow the amendment is the stage of the proceedings. See *Tomlinson Lumber Sales, Inc. v. J.D.*

3

*Harrold Co.,* 117 N.W.2d 203 (Minn. 1962). Unless the amendment will result in substantial delay of the proceedings, the amendment may be granted. See *Hughes v. Micka*, 130 N.W.2d 505 (Minn. 1964).

Ultimately, courts balance the presence of any harm proved by opponents to amendment against the harm to the movant if amendment is not permitted, and whether the refusal to amend would deny a trial on the merits. See *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1994).

## II. APPLICATION OF LEGAL STANDARD TO RELEVANT FACTS.

The Federal Rules favor liberal amendment to pleadings. This policy allows for the resolution of all claims, against all involved parties to "facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. at 181.

From the beginning of this case, Plaintiff put the Defendants and the Court on notice that it expected additional parties were involved in acts contrary to Plaintiff's rights. By naming up to seven Doe Defendants in his initial Complaint, Plaintiff made clear his intent to later identify those persons or entities which he believed were working in concert with the Stockwell Defendants. After initial, informal discovery, those Doe Defendants' identities became known to Plaintiff and his counsel. Plaintiff now seeks to amend his pleadings, to conform to the information discovered through that early information exchange.

The Court and parties determined a proper deadline for amending to add parties. Plaintiff seeks to "add," or perhaps more accurately, specifically identify, these defendants, which were already a part of the pleadings at the beginning of the case.

Specifically identifying, or "adding" Mr. Crouse and Mr. Sanvik prior to the deadline agreed to by the parties and this Court certainly cannot be argued to be undue delay, or too late in the proceedings for such amendment.

Neither can undue prejudice be claimed in opposition to Plaintiff's right to a jury's determination of his rights, and the actions by these Defendants in violation of his rights. Both the now specifically-identified Doe Defendants, Crouse and Sanvik, have been involved in acts leading up to this lawsuit. They both were aware of this lawsuit from the beginning, and even likely recognized their involvement with the Stockwell Defendants as part of the allegations stated in the original Complaint. They certainly were aware of their activities involving Plaintiff's photos. Defending themselves in this action cannot be argued to be unduly prejudicial. In fact, the reverse is likely to be proven when all the evidence comes in; that their actions against Plaintiff and contrary to his legal rights were unduly prejudicial to Plaintiff, and therefore create distinct liability against each of them.

## CONCLUSION

In light of the original Complaint identifying the Doe Defendants, the fact that this motion is brought prior to the deadline for amendments in this Court's Scheduling Order and the lack of any undue prejudice to any of the current or now specifically-identified Doe Defendants, the motion to amend should be granted in its entirety. Allowing the amendment will "facilitate a proper decision on the merits." *Foman*, 371 U.S. at 181.

Dated:  July 31, 2017						**HELLMUTH & JOHNSON, PLLC**

							By:	*s/Russell M. Spence, Jr.*
								Russell M. Spence (ID No. 241052)
								8050 West 78th Street
								Edina, MN 55439
								Email: mspence@hjlawfirm.com
								Telephone: (952) 941-4005
								Facsimile: (952) 941-2337

								**ATTORNEYS FOR PLAINTIFF**