## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Allen Beaulieu, individually and D/B/A Allen Beaulieu Photography, | Case No. 16-cv-3586 (DWF/HB) |
| Plaintiff, | |
| v. | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |
| Clint Stockwell, an individual; Studio 1124, LLC, a Minnesota limited liability Company and Does 1 through 7, | |
| Defendants. | |

---

## <u>INTRODUCTION</u>

Defendants Clint Stockwell ("Stockwell") and Studio 1124, LLC (collectively, "Stockwell Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend its Complaint [Docket No. 32].  Plaintiff's pursuit of amendment of his Complaint on the day of the Court-ordered deadline is nothing more than a bad-faith attempt to disrupt the upcoming Settlement Conference and leverage a larger settlement by forcing the proposed additional Defendants' participation and contribution.  There is no other explanation for their inclusion in this lawsuit as the state-law claims sought to be asserted against them are clearly preempted by the Copyright Act

1

and therefore futile.[1]  Further, the proposed amendment is prejudicial to the Stockwell Defendants, who have voluntarily and collaboratively engaged in extensive informal electronic discovery with the understanding that doing so would narrow,[2] if not resolve, the issues in dispute, as opposed to expanding the scope of this litigation. For these reasons, Plaintiff's Motion to Amend must be denied.

## LEGAL ARGUMENT

### I.    LEGAL STANDARD.

While a court may freely grant leave to amend as justice so requires, "[t]he policy favoring liberal allowance of amendment does not mean that the right to amend is absolute." Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).  As such, "[a] motion to amend should be denied if the plaintiff is 'guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party.'" Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 395 (8th Cir. 2016) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994)).

Further, "permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief." Williams, 21 F.3d at 224.  Thus, a proposed amendment should be denied when it is futile, meaning that the claim or claims "would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be

---

[1] It is important to note that the reasons set forth herein as to the futility of the claims against Crouse and Sanvik apply equally to the Stockwell Defendants and they intend to proceed with a Rule 12(b)(6) Motion to Dismiss if the scheduled Settlement Conference is unsuccessful.

[2] See Joint Rule 26(f) Report [Docket No. 11] at 9(a), wherein the parties agreed to "early access to all Parties' ESI."

1501583

granted." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998). Proposed amendments that "would not survive a motion to dismiss on preemption grounds" are futile. In re Medtronic Sprint Fidelis Leads Prods. Liab. Litig., 2009 U.S. Dist. LEXIS 55472, *9 (D. Minn. May 12, 2009) (emphasis added).

As set forth below, Plaintiff's proposed Amended Complaint must be denied because it is brought in bad faith, highly prejudicial to the Stockwell Defendants, and the claims sought to be added against proposed Defendants Thomas Martin Crouse ("Crouse") and Charles Willard "Chuck" Sanvik ("Sanvik") are futile on preemption grounds.

## II.    PLAINTIFF'S MOTION TO AMEND MUST BE DENIED.

### A. Plaintiff's Pursuit of Amendment is Done in Bad Faith.

Plaintiff attempts to justify his last-minute Motion to Amend on the date of the deadline to do so and within weeks of the Settlement Conference as being the product of just learning the identities of the two additional Defendants—Crouse and Sanvik. See Plf. Br., p. 2 [Docket No. 32]. This explanation is disingenuous and belied by the record; thus, demonstrating a "bad faith" motive for the proposed amendment.

Specifically, both Plaintiff and the Stockwell Defendants identified Crouse as a person likely to have discoverable information in their respective Rule 26(a)(1) Disclosures. See Affidavit of George R. Serdar at Ex. A. The Stockwell Defendants even elaborated that, "Mr. Crouse has information regarding numerous conversations between himself and the Plaintiff, numerous conversations between himself and Mr. Stockwell."

3

Id. (emphasis added). Further, Plaintiff's Amended Complaint confirms that he was fully aware of Crouse's identity at the time the Complaint was originally filed.  Paragraph 47 of the Amended Complaint expressly alleges: "As Defendants Stockwell and Crouse had been to Plaintiff's home on previous occasions related to the book project, he had witnessed and was aware that Plaintiff was regularly provided a receipt for Photos or other objects that were removed from Plaintiff's possession by others, for work to be accomplished off site on the book project." [Docket No. 33-1] (emphasis added).

Similarly, Sanvik met with Plaintiff's counsel to discuss this lawsuit shortly after its commencement.  Affidavit of Chuck Sanvik ("Sanvik Aff.") at ¶ 2.  The purpose of this discussion was to reach a business resolution of the dispute between Plaintiff and Stockwell.  In that regard, Sanvik indicated that he had seen some of Stockwell's work product related to the book project with Plaintiff, which incorporated Plaintiff's photographs, and that the project could be very successful.  Id.

Given this history, Plaintiff's Motion to Amend at the last possible moment is nothing more a thinly-veiled attempt to force the proposed additional Defendants to participate in, and contribute their resources to, settlement, or else be dragged into a lawsuit. This is readily apparent from the fact that the claims asserted against these proposed Defendants are clearly futile under established law, as discussed infra at Section II.C.  "Knowingly filing a complaint contrary to settled law constitutes bad faith," and therefore warrants denial of a motion to amend.  Dunbar v. Wells Fargo Bank N.A., 853 F. Supp. 2d 839, 845 (D. Minn. 2012) (emphasis added) ("Knowingly filing a complaint

4

contrary to settled law constitutes bad faith, and denial is warranted. Further, the course has carefully considered the proposed amended complaint, ECF No. 26-2, and, as discussed below, amendment would be futile. Therefore, denial of the motion to amend is warranted.").  Given the bad-faith motive, the Court should exercise its discretion and deny the present motion on that basis.

### B.  The Proposed Amendment is Prejudicial to the Stockwell Defendants.

Not only is the proposed amendment brought in bad faith, but it is unduly prejudicial to the Stockwell Defendants under the circumstances.  The Stockwell Defendants agreed to participate in early informal discovery, including turning over all computers and electronic devices for forensic imaging, based on the mutual understanding with Plaintiff that this would narrow the disputed issues and potentially eliminate the need for litigation.  Further, this proposed course was designed to facilitate an early and effective settlement conference, which is currently scheduled for August 21, 2017. If the settlement conference proved unsuccessful, then the parties would be well-positioned to engage in early dispositive motion practice based upon the information obtained through informal discovery.

Plaintiff's last- minute Motion to Amend to add two Defendants undermines the goal and purpose of agreeing to early informal discovery by broadening the legal and factual issues, complicating the upcoming settlement conference, forestalling early motion practice, and creating additional costs and fees.  Accordingly, the motion should also be denied for undue prejudice to the Stockwell Defendants.

5

1501583

### C. The Proposed Amendments are Futile Based on Express Preemption.

Plaintiff's proposed amendments seek to add state law claims against Crouse and Sanvik: Conversion (Count Four); Unjust Enrichment (Count Five); and Tortious Interference with Prospective Advantage (Count Seven).   Because these claims are expressly preempted by the Copyright Act, however, the amendments are futile. As such, Plaintiff's Motion to Amend must be denied on this basis.

The Copyright Act, upon which Plaintiff's Counts One through Three against the Stockwell Defendants are based, "provides the <u>exclusive source</u> of protection for 'all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106' of the Copyright Act." <u>Nat'l Car Rental System, Inc. v. Comp. Assocs. Intern., Inc.</u>, 991 F.2d 426, 428 (8th Cir. 1993) (emphasis added). Stated differently, "[t]he Copyright Act preempts state laws that attempt to protect rights exclusively protected by federal law." <u>Davidson & Assocs. v. Jung</u>, 422 F.3d 630, 638 (8th Cir. 2005).[3]   Where state law claims are premised squarely on the rights protected by the Copyright Act, they are expressly preempted as a matter of law. <u>Ray v. ESPN, Inc.</u>, 783 F.3d 1140, 1144-1145 (8th Cir. 2015).

---

[3] The preemption provision of the Copyright Act states in relevant part: "All legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a).

6

Here, Plaintiff's allegations supporting the conversion, unjust enrichment, and tortious interference with prospective advantage claims against the proposed additional Defendants all relate to improper use, reproduction, distribution, and/or publication of copyrighted works, and the resulting improper financial benefit gained by Defendants at the expense and detriment of Plaintiff.  Amended Complaint at ¶¶ 98-106, 114-118. Thus, it is well-settled that these claims are expressly preempted by the Copyright Act and therefore are futile under a Rule 12(b)(6) analysis.

For example, in <u>Belmore v. City Pages, Inc.</u>, 880 F. Supp. 673 (D. Minn. 1995), the author of a previously published newspaper article sued for copyright infringement, misappropriation, and conversion when his article subsequently appeared without his consent in "City Pages" newspaper. This Court dismissed the conversion and misappropriation claims based on the following rationale: "In his Complaint, Belmore also alleges common law claims for misappropriation and conversion. Belmore bases these claims solely on the fact that City Pages copied 'Tale of Two Islands' without his permission.  The Copyright Act provides the exclusive remedy for unauthorized copying and preempts equivalent rights conferred under the common law.  As a result, Belmore's common law claims are preempted by the Copyright Act." <u>Id.</u> at 676 n.1.

In <u>Heidi Ott A.G. v. Target Corp.</u>, 153 F. Supp. 2d 1055 (D. Minn. 2001), a designer and manufacturer of dolls filed a lawsuit because defendants allegedly misappropriated her dolls and used her name, images, and likeness without permission to

promote competing dolls and doll-related products. This Court dismissed the unjust enrichment and quantum meruit claims based on express preemption:

> Ott does not dispute that her dolls are within the subject matter of copyright. Thus, to the extent that Ott bases her unjust enrichment and quantum meruit claims on Unimax's and Brass Key's distribution and copying of her dolls, those claims are preempted. In the Complaint, Ott alleges simply that: "By failing to compensate Plaintiffs for the use of their dolls and designs, Defendants have been unjustly enriched at the expense of Plaintiffs." This allegation sounds squarely in copyright infringement. Accordingly, based on the language in the Complaint, Ott's claims of unjust enrichment and quantum meruit are dismissed.

Id. at 1067.

Similarly, in Issaenko v. Univ. of Minn., 57 F. Supp. 3d 985 (D. Minn. 2014), a researcher at the University of Minnesota brought statutory, constitutional and common law claims, including unjust enrichment, based on allegations that the university and its employees impermissibly used her copyrighted written materials in applications and presentations.  This Court granted dismissal of the unjust enrichment claim based on this claim: "Issaenko alleges that Defendants received benefits when they misappropriated the Copyrighted Works."  Id. at 1025. The Court concluded that "[t]hese allegations of unauthorized reproduction and distribution fall within the exclusive rights protected by the Copyright Act and therefore indicate that Issaenko's unjust enrichment claim is preempted." Id. at 1026

In Ray, the Eighth Circuit Court of Appeals affirmed the dismissal of a former professional wrestler's state-law claims against a sports channel, including tortious interference with prospective advantage. The Court concluded that all the claims were

8

preempted because "the crux of Ray's case is that ESPN re-telecast Ray's filmed performances.  Thus, because Ray's state-law rights have been 'infringed by the mere act of reproduction, performance, distribution or display' of his performances, his state-law rights are equivalent to the exclusive rights 'within the general scope of copyright." 783 F.3d at 1144-1145 (citation omitted).  In so concluding, the Court rejected the plaintiff's argument that the tortious interference with prospective advantage claim was beyond the preemptive scope of the Copyright Act.  Id. at 1144 n.2; accord Munro v. Lucy Activewear, Inc., 2016 U.S. Dist. LEXIS 135692, *28 (D. Minn. Sep. 29, 2016) ("The additional act Munro presents—knowing solicitation of a particular customer for a similar exhibit—narrows the scope of the claim, but does not qualitatively alter the nature of the claim. The foundation for his tortious interference claim is still Defendants' alleged improper copying of his exhibit, and therefore, the claim is preempted by the Copyright Act.").

Plaintiff cannot escape the well-settled law that his claims for conversion, unjust enrichment, and tortious interference are expressly preempted by the Copyright Act based on, and accepting as true, his own allegations in the Amended Complaint. Given this preemption, the Amended Complaint is futile as to Crouse and Sanvik, and therefore the present motion must be denied.

1501583

### D. There is No Legal Basis for Injunctive Relief Against Crouse and Sanvik.

While Plaintiff's copyright infringement claims are only asserted against the Stockwell Defendants, he seeks injunctive relief against "All Defendants" based upon "state law claims." Amended Complaint [Docket No. 33-2] at ¶ 94. As this Court has recognized, however, "injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." Estate of Lane v. CMG Mortg., Inc., 2015 U.S. Dist. LEXIS 62188, *25 (D. Minn. May 11, 2015) (citation omitted). As set forth supra at Section II.C., the proposed amended claims against Crouse and Sanvik are expressly preempted and therefore futile; thus, there are not underlying claims upon which injunctive relief can be granted against them. Accordingly, the Amended Complaint is also futile with respect to Crouse and Sanvik as to Count Two.

### CONCLUSION

For the reasons set forth above, the Amended Complaint and the proposed claims it seeks to assert against Crouse and Sanvik are futile as a matter of express preemption. On this basis alone, Plaintiff's Motion to Amend should be denied. Further, denial is warranted by the bad-faith motive of Plaintiff in bringing the motion, and the resulting undue prejudice to the Stockwell Defendants under the circumstances.

10

1501583

Respectfully submitted,

Dated:   August 11, 2017                    s/Kevin D. Hofman
                                            Kevin D. Hofman (#179978)
                                            John R. Beattie (#5769)
                                            1400 Fifth Street Towers
                                            100 South Fifth Street
                                            Minneapolis, MN 55402-4218
                                            (612) 672-3600
                                            khofman@messerlikramer.com
                                            jbeattie@messerlikramer.com

                                            **ATTORNEYS FOR DEFENDANTS**

11

1501583