UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allen Beaulieu, individually and D/B/A Allen Beaulieu Photography,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Clint Stockwell, an individual, Studio 1124, LLC, a Minnesota limited liability company, Thomas Martin Crouse, an individual, Charles Willard "Chuck" Sanvik, and individual and Does 3 through 7,<br><br>　　　　　Defendants. | Court File No. 16-cv-03586 DWF-HB |

**SANVIK'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

## ISSUES

Beaulieu sues Sanvik for conversion and tortious interference with prospective advantage. Beaulieu's First Amended Complaint pleads threadbare facts that Beaulieu gave his Prince photographs, or copies of the photographs, to a third party; that the third party emailed copies of the photographs to Sanvik; that Sanvik conspired and acted in concert with other defendants; and that Beaulieu lost potential opportunities to license the photographs. To resolve Sanvik's motion to dismiss Beaulieu's Amended Complaint, this Court need decide only two issues:

**Issue 1:** To state a plausible conversion claim, a party must plead facts showing a valid interest in personal property, and deprivation of that interest by the defendant.

1537349

Conversion does not extend to intellectual property.  Beaulieu pleads that a third party gave Sanvik copies of Beaulieu's photographs, depriving Beaulieu of his personal and intellectual property.  Has Beaulieu stated a conversion claim against Sanvik?

**Answer:**  As pled, Beaulieu's conversion claim against Sanvik is not plausible.  Because Beaulieu alleges that Sanvik received a copy of Beaulieu's property from a third party, Sanvik is not depriving Beaulieu of possession of the property.  At best, the third party is depriving Beaulieu of his rights.  Beaulieu cannot plead around these facts by alleging intellectual-property rights.  Conversion does not apply to intangible rights like intellectual-property rights.  Beaulieu cannot plead around these facts by alleging that Sanvik worked in concert with other defendants to convert the property.  Conspiracy requires a valid underlying tort; and more than conclusory, broad, and nonspecific allegations.  Because Beaulieu fails to allege facts from which this Court can infer a plausible conversion claim against Sanvik, this Court must dismiss the claim.

**Issue 2:**  To state a plausible tortious-interference-with-prospective-advantage claim, a party must both specify a prospective customer that the defendant caused not to enter a contractual relationship, and plead facts indicating damages from the defendant's acts.  Beaulieu pleads that he has lost "certain licensing opportunities with innumerable potential licensees," because Sanvik received copies of photographs from a third party, and did not return them.  Has Beaulieu adequately specified a prospective customer, and indicated damages?

**Answer:**  As pled, Beaulieu's tortious-interference-with-prospective-advantage claim against Sanvik is not plausible.  Beaulieu's identification of "innumerable potential

2

licensees" does not identify a specific lost customer or lost opportunity, leaving his damages remote, conjectural, and speculative. Beaulieu cannot plead around these facts by alleging that Sanvik worked in concert with other defendants to tortuously interfere with a prospective advantage. Conspiracy requires a valid underlying tort; and more than conclusory, broad, and nonspecific allegations. Because Beaulieu fails to allege facts from which this Court can infer a plausible tortious-interference-with-prospective-advantage claim against Sanvik, this Court must dismiss the claim.

## RULE 12(B)(6) STANDARD

To survive a motion to dismiss under Rule 12(b)(6),

> "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949 (quotations and citation omitted).[1]

## FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT

As to Sanvik, the Amended Complaint says that, in 1984, Beaulieu registered copyrights for his photographs of Prince titled "Before Purple Rain, Prince 1979-1983" ("Photos").[2] Recently, Beaulieu decided to publish a book of his Prince Photos.[3]

---

[1] *Hot Stuff Foods, LLC v. Dornbach*, 726 F. Supp. 2d 1038, 1042 (D. Minn. 2010).

[2] Amended Complaint ¶ 21.

Beaulieu decided to work with Stockwell on the project, and gave Stockwell 42 copies of some of the Photos.[4] On April 21, 2016, before the project was completed, Prince died.[5] Around April 27, 2016, Stockwell emailed "approximately 120 Photos" to Sanvik.[6]

Sometime in mid-May 2016, Stockwell and Crouse went to Beaulieu's home, and collected "all of [Beaulieu's] approximately 3,000 original Photos, agreeing to make . . . digitally scanned copies . . . ."[7] A month later, Beaulieu demanded that Stockwell return the Photos and any copies.[8] Despite the demands, Stockwell never returned the Photos.[9]

Beyond the allegation that Sanvik received 120 Photos from Stockwell by email, and the bald allegation that "Sanvik still possesses [Beaulieu's] Photos or copies made from them,"[10] Beaulieu does not allege that he demanded return of the copies, or that Sanvik has Photos. Instead, Beaulieu speculates that Stockwell "had been discussing and conspiring with . . . Crouse, Sanvik and others about exploiting [Beaulieu's] Photos, beyond the book project;"[11] and that Sanvik acted "in concert" with the other defendants to withhold the original Photos.[12]

---

[3] *Id.* ¶ 27.
[4] *Id.* ¶¶ 28-30.
[5] *Id.* ¶ 34.
[6] *Id.* ¶ 50.
[7] *Id.* ¶ 42.
[8] *Id.* ¶ 52.
[9] *Id.* ¶¶ 53, 54, 56, 57, 67-71, 73, 75-81, and 83.
[10] *Id.* ¶¶ 50 and 85.
[11] *Id.* ¶ 55.
[12] *Id.* ¶ 87.

1537349

Beaulieu asserts that, he has received licensing request from potential licensees, which he has not been able to complete because the *Stockwell Defendants* have his Photos.[13]  Beaulieu does not and cannot claim that Sanvik's possession of copies of the Photos prevents him from licensing them.  Based on these facts and allegations, Beaulieu sues Sanvik for converting "Photos, personal property and intellectual property;"[14] and for tortious interference with prospective advantage that Beaulieu might have with "potential licensees."[15]

## ARGUMENT

Beaulieu fails to plead facts to showing that his conversion and tortious-interference-with-prospective-advantage claims are plausible.  On the conversion claim, the Amended Complaint alleges that Stockwell took Beaulieu's Photos, and refused to return them.  It alleges that Stockwell emailed Sanvik copies of the Photos.  Because Sanvik has only copies, and Stockwell has the originals, Sanvik cannot convert the Photos.  Further, conversion does not extend to the intellectual property rights that Beaulieu may have in the copies.  Finally, Beaulieu's conclusory, broad, and nonspecific allegations of Sanvik's involvement in a conspiracy to convert do not suffice.  As pled, Beaulieu's conversion claim is not plausible, and cannot survive this Motion to Dismiss.

Likewise, Beaulieu's tortious-interference-with-prospective-advantage claim is not plausible.  The Amended Complaint alleges that Beaulieu cannot license the Photos to

---

[13] *Id*. ¶¶ 82 and 115 (emphasis added).

[14] *Id*. Count Four, ¶¶ 98-102.

[15] *Id*. Count Seven, ¶¶ 114-18.

1537349

potential licensees, because Stockwell has his Photos. The Amended Complaint identifies no specific transactions, licensees, or damages, supporting the tortious-interference-with-prospective-advantage claim against Sanvik. It contains no facts supporting a conspiracy to tortuously interfere claim. Based on the allegations, the tortious-interference-with-prospective-advantage claim is not plausible, and cannot survive this Motion to Dismiss.

## I.      **The Amended Complaint fails to state a conversion claim against Sanvik.**

To prove conversion, Beaulieu must show:

> "an act of willful interference with personal property, 'done without lawful justification by which any person entitled thereto is deprived of use and possession.' . . . To adequately plead a conversion claim, [plaintiff] must allege that it holds a valid interest in the property and that [defendant] has deprived it of that interest."[16]

### A.      **Sanvik has not deprived Beaulieu of his interest in the Photos.**

In *Jacobs v. Gradient Ins. Brokerage, Inc.*,[17] Gradient responded to its former employee's – Jacobs' – lawsuit with a conversion counterclaim. Gradient's counterclaim alleged that Jacobs converted confidential information by emailing a copy of the information to herself.[18] The court dismissed the claim as inadequately pled because copying and using the information was insufficient to establish the deprivation required

---

[16] *Jacobs v. Gradient Ins. Brokerage, Inc.*, 2016 U.S. Dist. LEXIS 39612, *5-6 (D. Minn. Mar. 25, 2016)(citations omitted).

[17] 2016 U.S. Dist. LEXIS 39612.

[18] *Id*. at *6.

for a conversion claim.[19] Jacobs did not deprive Gradient of its property because Gradient still had possession of its information.

Similarly, in *Bloom v. Hennepin County*,[20] Bloom claimed that Hennepin Faculty Associates ("HFA") made a copy of his protocol for treating multiple sclerosis, modified it, put another doctor's name on it, and used it to treat HFA patients.[21] The court found that these facts did not support a conversion claim, because Bloom still had the original protocol, and HFA had not deprived him of his property.[22] The court granted summary judgment to HFA.

Like Gradient and Bloom, Beaulieu alleges that Sanvik converted copies of his property – copies of Photos that Stockwell emailed to Sanvik. Sanvik does not have possession of Beaulieu's property, and is not depriving Beaulieu of his use and possession of it. At best, Stockwell has possession of it, and is depriving Beaulieu of its use and possession. The Amended Complaint fails to allege facts from which this Court can infer a plausible conversion claim against Sanvik. This Court like the *Jacobs* and *Bloom* courts, should reject Beaulieu's conversion claim, and dismiss it with prejudice.

### B. **Beaulieu may not maintain a conversion claim based on an intangible-copyright interest in the copies sent by Stockwell.**

Beaulieu also claims that Sanvik converted Beaulieu's intellectual property. But, Minnesota law does not recognize a conversion claim based on intangible-intellectual-

---

[19] *Id*. at *7.

[20] 783 F. Supp. 418 (D. Minn. 1992).

[21] *Id*. at 441.

[22] *Id*.

7

property interests. For example, in *Jacobs*, the court refused to extend the tort of conversion to protect intangible-property interests in trade secrets.[23] Likewise in *Bloom*, the court refused to extend the tort of conversion to protect intangible-intellectual-property rights.[24] Both courts noted that conversion protects some intangible rights, and that those rights are limited to "'the kind of intangible rights which are customarily merged in or identified with some document.'"[25] The *Bloom* court explained, "the document that plaintiff claims has been converted – his multiple sclerosis protocol – confers no rights; plaintiff's interest in the protocol arises not from the document, but from the law of intellectual property."[26]

    Like Jacobs and Gradient, Beaulieu claims that Sanvik converted his intangible-intellectual-property right in his Photos. Like Jacobs and Gradient, any intellectual-property right that Beaulieu has in the Photos is not conferred by the Photos, but by trade-secret and intellectual-property law. *Jacobs* and *Bloom* declined to extend the tort of conversion to cover the intellectual-property rights. This Court should decline to do so, too. Based on established Minnesota law, Beaulieu fails to allege facts from which this Court can infer a plausible conversion claim. This Court, like the *Jacobs* and *Bloom* courts, should reject Beaulieu's conversion claim, and dismiss it with prejudice.

---

[23] 2016 U.S. LEXIS 39612 at *7 (citations omitted).

[24] 783 F. Supp. at 440-41 (citations omitted)

[25] *Jacobs*, 2016 U.S. LEXIS 39612 at *6 n.2 (citation omitted); *Bloom*, 783 F. Supp. at 440 (citing Prosser & Keeton on Torts, at 91-92(1984); Restatement (Second) of Torts §§ 222A, 242 (1965)).

[26] 2016 U.S. LEXIS 39612 at *441.

### C. The Amended Complaint fails to state a conspiracy-to-convert claim.

In Minnesota, conspiracy is not an independent cause of action, but is "a vehicle for asserting vicarious or joint and several liability, and thus such a claim is dependent upon a valid underlying tort claim."[27] When pleading conspiracy, "[m]ere allegations of conspiracy without stating sufficient facts about a mutual understanding or meeting of the mind does not state a claim."[28] Indeed, "where a plaintiff offers only conclusory allegations of a conspiracy against a party, the claim is adjudged to have been insufficiently pled, and is subject to dismissal,"[29]

Here, Beaulieu's conversion claim must be dismissed because Sanvik did not deprive Beaulieu of any property, and because conversion does not extend to intangible copyrights. Since the conspiracy-to-convert claim is dependent on the conversion claim, dismissal of the conversion claim requires dismissal of the conspiracy claim.

Beaulieu's failure to plead fact showing a meeting of the minds between Sanvik and the other defendants also requires dismissal of the conspiracy-to-convert claim. Beaulieu pleads only conclusory facts that Sanvik was "conspiring" with the other defendants "about exploiting [Beaulieu's] Photos, beyond the book project;" and that "Defendant Stockwell is acting on his own . . . and in concert with Crouse, Sanvik and

---

[27] *MathStar, Inc. v. Tiberious Capital II, LLC*, 712 F. Supp. 2d 870, 885 (D. Minn. 2010) (citations omitted).

[28] *Boone v. PCL Constr. Servs.*, 2005 U.S. Dist. LEXIS 41564 (D. Minn. July 29, 2005).

[29] *Murrin* v. *Fischer*, 2008 U.S. Dist. LEXIS 112366 at *57 (Jan. 18, 2008), *adopted by* 2008 U.S. Dist. LEXIS 13767 (Feb. 25, 2008).

9

one or more Doe Defendants, to withhold [Beaulieu's] original Photos and property."[30]

Beaulieu pleads no specific facts to establish a "meeting of the minds" among the alleged conspirators, or any facts to support Sanvik's involvement in alleged conduct with the other defendants. Beaulieu fails to allege facts from which this Court can infer a plausible conspiracy claim. The Court, therefore, must dismiss the claim.

II. **The Amended Complaint fails to state a tortious-interference-with-prospective-advantage claim against Sanvik.**

To prove tortious interference with prospective advantage, Beaulieu must show:

(1) the existence of a reasonable expectation of economic advantage or benefit belonging to plaintiff; (2) that the defendants knew of that expectation; (3) that defendants wrongfully and without justification interfered with plaintiff's reasonable expectation; (4) that in the absence of the defendants' wrongful act, it is reasonably probable that plaintiff would have realized the economic advantage or benefit; and (5) that plaintiff sustained damages.[31]

Stated differently, Beaulieu must show that Sanvik "intentionally and improperly induced a third party not to enter into or continue a business relationship with" Beaulieu.[32]

A. **Because the Amended Complaint fails to identify a licensee with whom Beaulieu had a reasonable probability of a contractual relationship, and damages caused by Sanvik, the tortious-interference-with-prospective-advantage claim fails.**

In *Munro v. Lucy Active Wear, Inc.*,[33] Munro alleged that Defendants "usurped his prospective business opportunity in the Boston area."[34] To support his claim, Munro

---

[30] Amended Complaint, ¶¶ 55 and 87.

[31] *Munro v. Lucy Active Wear, Inc.*, 2016 U.S. Dist. LEXIS 135692 at *24-25 (D. Minn. Sept. 26, 2016).

[32] *Hot Stuff Foods, LLC*, 726 F. Supp. 2d at 1043 (citations omitted).

[33] 2016 U.S. Dist. LEXIS 135692.

10

1537349

alleged "that he had 'reasonable probabilities of prospective business opportunities to stage a large-scale, public exhibition' in Boston, and 'reasonable probabilities of prospective business relationships with the City of Boston, the Boston Mayor's office, and other local public officials, and affiliated entities and arts organization.'"[35] Munro described his discussions with Boston's Mayor's Office of Arts, Tourism & Special events as expressions of intense interest, and courting.[36] In deciding whether these allegations stated a claim against the Defendants, the court found that, "[t]hese allegations do not suggest a reasonable probability of a contractual relationship with Boston officials or that Defendants communicated with them or had the intent to interfere with Munro's relationship with the officials."[37] The court dismissed the claim because Munro failed to state a plausible tortious-interference-with-prospective-advantage claim.

Similarly, in *Hot Stuff Foods, LLC v. Dornbach*,[38] Hot Stuff pled facts showing that Dornbach resigned his position at Hot Stuff, began a competing business, and threatened Hot Stuff's future relationships with prospective clients. The court found that these facts were "insufficient to raise Hot Stuff's right to relief on its tortious interference claims above the level of pure speculation."[39] The court noted that ". . . Hot Stuff has neither identified a prospective customer that Dornbach induced or otherwise caused not

---

[34] *Id*. at *7 (citation omitted).

[35] *Id*. at *26-27 (citations omitted).

[36] *Id*. at *27.

[37] *Id*.

[38] 726 F. Supp. 2d 1038.

[39] *Id*. at 1043.

to enter a contractual relationship with Hot Stuff, nor pleaded facts indicating that Hot Stuff has been damaged by Dornbach's alleged actions."[40] The court granted Dornbach's motion to dismiss because "[b]ased on the information in the complaint, the court cannot draw the reasonable inference the Dornbach tortuously interfered with Hot Stuff's existing or prospective business relationship."[41]

Like Munro and Hot Stuff, Beaulieu fails to plead facts identifying a prospective licensee with whom Sanvik interfered, and facts indicating that Sanvik's actions caused a licensee not to license Beaulieu's Photos. Beaulieu identifies only potential licensees to whom he cannot license Photos. Both *Munro* and *Hot Stuff* rejected tortious-interference-with-prospective-advantage claims that identified only potential customers, whether named or unnamed. Like Hot Stuff, Beaulieu fails to plead facts showing that Sanvik's actions damaged Beaulieu. Beaulieu pleads that Stockwell emailed copies of Photos Sanvik. Beaulieu does not allege that Sanvik did anything with the copies, or even contacted Beaulieu's unnamed potential licensees. Based on these allegations, it is not reasonably plausible that Beaulieu has a prospective economic relationship, or damages. This Court, like the *Munro* and *Hot Stuff* courts, should reject Beaulieu's tortious-interference-with-prospective-advantage claim, and dismiss it.

---

[40] *Id*. at 1044.

[41] *Id*.

### B. The Amended Complaint fails to state a conspiracy-to-tortiously-interfere claim.

Beaulieu's conspiracy-to-tortiously-interfere claim suffers from the same deficiencies as his conspiracy-to-convert claim. Beaulieu's underlying tortious-interference-with-prospective-advantage claim must be dismissed because he has not pled facts identifying a prospective licensee with whom Sanvik interfered, and facts indicating that Sanvik's actions caused a licensee not to license Beaulieu's Photos. Since the conspiracy claim is dependent on the tortious-interference-with-prospective-advantage claim, dismissal of the tortious-interference-with-prospective-advantage claim requires dismissal of the conspiracy claim.

As with his conspiracy-to-convert claim, Beaulieu's failure to plead fact sufficient to show a meeting of the minds between Sanvik and the other defendants also requires dismissal of the conspiracy-to-tortiously-interfere claim. Beaulieu pleads no specific facts to establish a "meeting of the minds" among the alleged conspirators, or any facts to support Sanvik's involvement in alleged conduct with the other defendants. Beaulieu fails to allege facts from which this Court can infer a plausible conspiracy claim. The Court, therefore, must dismiss the claim.

### III. There is no basis for injunctive relief against Sanvik.

As recognized by this Court, "injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be

granted."[42] Since Beaulieu's Amended Complaint against Sanvik fails to state a claim as a matter of law, there are no underlying claims upon which injunctive relief can be granted against Sanvik. Count Two of the Amended Complaint is moot, and is properly dismissed with prejudice.

## CONCLUSION

Beaulieu's threadbare statement of facts is insufficient to plead a conversion claim. Because the Amended Complaint alleges that Sanvik has only copies of the Photos, and that Stockwell has the originals, Sanvik cannot convert the Photos. Further, conversion does not extend to the intellectual-property rights that Beaulieu may have in the copies. Finally, Beaulieu's conclusory, broad, and nonspecific allegations of Sanvik's involvement in a conspiracy to convert the Photos do not suffice. As pled, Beaulieu's conversion claim is not plausible, and cannot survive this Motion to Dismiss.

Likewise, Beaulieu's threadbare statement of facts is insufficient to plead a tortious-interference-with-prospective-advantage claim. The Amended Complaint alleges only that Beaulieu cannot license the Photos to potential licensees, because Stockwell has his Photos. It identifies no specific transactions, licensees, or damages. It contains no facts supporting a tortious-interference-with-prospective-advantage claim. As plead, Beaulieu's tortious-interference-with-prospective-advantage claim is not reasonably plausible and cannot survive this Motion to Dismiss.

---

[42] *Estate of Lane v. CMG Mortg., Inc.*, 2015 U.S. Dist. LEXIS 62188, *25 (D. Minn. May 11, 2015) (citation omitted).

Without an underling conversion or tortious-interference-with-prospective-advantage claim, Beaulieu's conspiracy claims fail.  Further, the Amended Complaint's failure to state facts showing a meeting of the minds between Sanvik and the other defendants requires dismissal of the conspiracy claims.  As plead, Beaulieu's conspiracy claims are not reasonably plausible and cannot survive this Motion to Dismiss.

                                      Respectfully submitted,

                                      MESSERLI & KRAMER P.A.

Dated:  November 6, 2017        */s/Kevin D. Hofman*
                                                Kevin D. Hofman (#179978)
                                                John R. Beattie (#5769)
                                                1400 Fifth Street Towers
                                                100 South Fifth Street
                                                Minneapolis, MN  55402-4218
                                                khofman@meserlikramer.com
                                                jbeattie@messerlikramer.com

                                                *Attorneys for Defendants Stockwell, Studio 1124, LLC, and Sanvik*