UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allen Beaulieu, individually and d/b/a Allen Beaulieu Photography,<br><br>        Plaintiff,<br><br>   v.<br><br>Clint Stockwell, an individual; Studio 1124, LLC, a Minnesota limited liability company, Thomas Martin Crouse, an individual, Charles Willard "Chuck" Sanvik, an individual and Does 3 through 7,<br><br>        Defendant. | Court File No. 16-cv-3586 (DWF/HB)<br><br>**ANSWER OF THOMAS MARTIN CROUSE** |

Defendant Thomas Martin Crouse ("Crouse"), for his Answer to Plaintiff's Amended Complaint, states and alleges as follows:

1. Crouse denies paragraphs 10, 11, 43, 44, 45, 55, 65, 66, 81, 84, 86, 93, 94, 99, 100, 101, 102, 104, 105, 106, 115, 116, 117, 118

2. Crouse admits paragraphs 7.

3. Paragraphs 1, 2, 9, 12, 13, 14, 15, 88, 92, 95, 98, 103, 107, 114, 119, do not require a response and, therefore, Crouse denies them.

4. Crouse lacks sufficient information to form a belief as to the truth of the allegations in paragraphs 3, 4, 5, 6, 8, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 45, 48, 49, 50, 51, 52, 53, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 67, 68, 69, 70, 71, 73, 74, 75, 67, 77, 78, 79, 80, 82, 83, 85, 89, 90, 91, 96, 97, 108, 109, 110, 111, 112, 113, 120, 121, 122, and 123 and therefore denies same.

5. Crouse admits paragraph 7.

6. Crouse lacks sufficient information to form a belief as to the truth of the allegations in paragraph 21 and therefore denies the allegations. Exhibit A speaks for itself.

7. With respect to the allegations of paragraph 42, Crouse admits he visited Plaintiff's home in or about May 2016, but he denies he arrived "to collect" anything.

8. With respect to the allegations of paragraph 72, Crouse admits he provided a copy of Exhibit A to Stockwell. Crouse denies the remainder of paragraph 72.

9. With respect to the allegations of paragraph 87, Crouse lacks information to form a belief as to the truth of the allegations concerning Stockwell's conduct. With respect to the portions of paragraph 87 that concern Crouse, they are denied.

10. Crouse denies the paragraphs that follow "WHEREFORE."

11. Crouse denies any allegation not expressly admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

Crouse, for his affirmative defenses, alleges as follows:

1. Some or all of Plaintiff's claims may be barred for failure to state a claim.

2. Plaintiff is estopped from enforcing his claims.

3. Plaintiff's claims are barred by the doctrine of laches.

4. Plaintiff's claims are barred by his unclean hands.

5. Plaintiff's damages arise out of Plaintiff's own acts or omissions, or the acts or omissions of third parties over whom Crouse had no control and for whose acts Crouse is not responsible.

6. Plaintiff's claims and damages are barred by his failure to mitigate damages.

7. Plaintiff's claims are barred by the doctrine of waiver.

8. Crouse was licensed and authorized to carry out the acts that form the substance of Plaintiff's claims.

**WHEREFORE**, Defendant Crouse prays for relief from Plaintiff's Complaint as follows:

1. That Plaintiff's Complaint against Crouse be dismissed with prejudice on the merits;

2. That Defendant Crouse be awarded costs and disbursements incurred herein; and

3. That Defendant Crouse be awarded such other and further relief as the court deems equitable and just.

Dated: February 5, 2018    **BRIGGS AND MORGAN, P.A.**

By: s/ *Michael M. Sawers*
Michael M. Sawers (#0392437)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2157
Telephone: (612) 977-8400
Fax:       (612) 977-8650
Email:     msawers@briggs.com

**ATTORNEY FOR DEFENDANT THOMAS CROUSE**

10526877v1