UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allen Beaulieu, individually and d/b/a Allen Beaulieu Photography,<br><br>    Plaintiff,<br><br>v.<br><br>Clint Stockwell, an individual; Studio 1124, LLC, a Minnesota limited liability company; Thomas Martin Crouse, an individual; Charles Willard "Chuck" Sanvik, an individual and Does 3 through 7,<br><br>    Defendants. | Civil No. 16-3586 (DWF/HB)<br><br><br>MEMORANDUM<br>OPINION AND ORDER |

Alexander Farrell, Esq., and Russell M. Spence , Jr, Esq., Hellmuth & Johnson PLLC, counsel for Plaintiff.

George R. Serdar, Esq., John R. Beattie, Esq., and Kevin D. Hofman, Esq., Messerli & Kramer P.A., counsel for Defendants Clint Stockwell, Charles Sanvik, and Studio 1124, LLC.

Michael M. Sawers, Esq., Briggs & Morgan, PA, counsel for Defendant Thomas Crouse.

## INTRODUCTION

The plaintiff in this case photographed the artist Prince and then sought to publish those photos. The defendants, under the guise of helping the plaintiff, took those photos, but instead are trying to sell them without the plaintiff. This matter is before the Court on a motion to dismiss from one of the defendants. For the reasons discussed below, the Court grants in part and denies in part the motion.

## BACKGROUND

Plaintiff Allen Beaulieu photographed the artist Prince and copyrighted the photos in 1984.  Recently, Beaulieu decided to publish a book of his Prince photographs.  In his efforts to complete the project, Beaulieu gave Defendant Clint Stockwell forty-two of the photographs.  Later, under the guise of speeding up the scanning process, Stockwell and Defendant Crouse took approximately 3,000 photos from Beaulieu.[1]  Defendants are now trying to sell the photos and refuse to return them.  Beaulieu alleges that Defendant Sanvik (the movant here) was asked to finance the project by the other Defendants.  (Doc. No. 47 ("Am. Compl.") ¶ 62.)  Additionally, Beaulieu alleges that Sanvik has some of the photos and that Sanvik is working in concert with the other Defendants to withhold the photos from Beaulieu.  (*Id.* ¶¶ 85, 87.)

When Defendants ignored Beaulieu's repeated requests to return the photos,[2] Beaulieu filed suit alleging a number of claims.  As relevant here, Beaulieu has brought claims against Sanvik for conversion, tortious interference with a prospective economic advantage, and injunctive relief.  Sanvik now moves the Court to dismiss for failure to state a claim.

---

[1]     At argument, Plaintiff stated that he has now discovered that Defendants took over 4,000 photos.

[2]     Defendants contend that they have return all of the photos, but the Court cannot resolve that issue on a motion to dismiss.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S.

at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.[3]

## II. Conversion

Sanvik moves to dismiss Beaulieu's claim for conversion. To prevail on a conversion theory, a plaintiff must show that the defendant committed "an act of willful interference with personal property, 'done without lawful justification by which any person entitled thereto is deprived of use and possession.'" *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) (citing *Larson v. Archer-Daniels-Midland Co.*, 32 N.W.2d 649, 650 (Minn. 1948)). To constitute conversion, interference must be either permanent or must last "for an indefinite length of time." *Bloom v. Hennepin Cnty.*, 783 F. Supp. 418, 441 (D. Minn. 1992); *Hildegaarde v. Wright*, 70 N.W.2d 257, 269 (Minn. 1955).

Sanvik argues that Beaulieu's claim fails because Minnesota law does not recognize a claim for conversion of intellectual property. Sanvik cites to *Jacobs v. Gradient Insurance Brokerage, Inc.*, in which an employee e-mailed herself copies of confidential information. Civ. No. 15-3820, 2016 WL 1180182, at *1 (D. Minn. Mar. 25, 2016). The court dismissed the employer's conversion claim because the employee did not deprive the employer of the use of the information. *Id.* at *3.

Here, in contrast, Defendants have deprived Beaulieu of the physical copies of the photos. While Beaulieu alleges that Sanvik received copies via e-mail (Am. Compl.

---

[3] In his opposition, Beaulieu submitted examples of the Prince photos, e-mails between Defendants, text messages between the parties, and a transcript of a call between Sanvik and Beaulieu's attorney. (Doc. No. 59.) Sanvik argues that the documents are not properly before the Court. Because the documents are not necessary to resolve Sanvik's motion, the Court declines to consider them.

4

¶ 50), Beaulieu also alleges that Sanvik is in possession of some of the physical photos and is working concert with the other Defendants to withhold the photos from Beaulieu (*id.* at ¶¶ 85, 87). At this stage of the litigation, such allegations are sufficient.[4] Thus, the Court denies Sanvik's motion to dismiss the conversion claim.

## III.   Tortious Interference

Next, Sanvik seeks to dismiss Beaulieu's claim for tortious interference with a prospective economic advantage. The elements for such a claim are:

1) The existence of a reasonable expectation of economic advantage;

2) Defendant's knowledge of that expectation of economic advantage;

3) That defendant intentionally interfered with plaintiff's reasonable expectation of economic advantage, and the intentional interference is either independently tortious or in violation of a state or federal statute or regulation;

4) That in the absence of the wrongful act of defendant, it is reasonably probable that plaintiff would have realized his economic advantage or benefit; and

5) That plaintiff sustained damages.

*Gieseke ex rel. Diversified Water Diversion, Inc. v. IDCA, Inc.*, 844 N.W.2d 210, 219 (Minn. 2014). To state a claim, "the plaintiff must identify a specific third party with whom the defendant tortiously interfered." *Id.* at 221.

---

[4] Sanvik contends that the conversion claim fails because Beaulieu fails to allege how the photos went from Stockwell to Sanvik. But it is enough that Plaintiff alleges that Stockwell took the photos and that Sanvik is now in possession of those photos. *Cf.* Restatement (Second) of Torts § 230 ("A bailee, agent, or servant who receives the possession of a chattel for storage, safekeeping, or transportation on behalf of his bailor, principal, or master, is subject to liability for conversion if, but only if, he does so with knowledge or reason to know that a third person has the right to immediate possession of the chattel.").

Here, Beaulieu does not identify any specific third party. Instead, Beaulieu contends that Defendants interfered with a specific project—a book of Prince photos. But courts have dismissed claims for unique business opportunities unless a specific third party is identified. *Unity Healthcare, Inc. v. Cty. of Hennepin*, Civ. No. 14-114, 2014 WL 6775293, at *14 (D. Minn. Dec. 2, 2014) (dismissing a tortious interference claim for failure to identify a specific third party); *see also Majerus v. Huyser*, Civ. No. A15-1248, 2016 WL 3042995, at *5 (Minn. Ct. App. May 31, 2016) (affirming the grant of summary judgment for a tortious interference claim against a person speaking too loudly at an auction because the plaintiff could not identify a third party who would have bid but for the loud talking). Because Beaulieu does not identify a third party with whom Sanvik interfered, the Court dismisses that claim, but without prejudice and with leave to amend.[5]

## IV. Injunctive Relief

Finally, Sanvik moves to dismiss Beaulieu's claim for injunctive relief on the premise that Plaintiff's underlying torts should be dismissed. Because some of Beaulieu's claims survive, the Court denies Sanvik's motion to dismiss the injunction claim.

---

[5] At argument, Plaintiff contended that he was in discussions with a specific publisher for a book project but that project fell through once Defendants took the photos. None of those facts was alleged in the Amended Complaint, however, and such facts are necessary to state a claim for tortious interference with a prospective economic advantage.

**ORDER**

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Charles Sanvik's Motion to Dismiss (Doc. No. [54]) is **GRANTED IN PART** and **DENIED IN PART** as outlined below:

1. Consistent with the Court's Memorandum Opinion, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim in the Amended Complaint (Doc. No. [47]) for tortious interference with a prospective economic advantage against Defendant Sanvik. The Court grants Plaintiff leave to amend his complaint with respect to this claim.

2. The remainder of Defendant Sanvik's Motion to Dismiss is **DENIED**.[6]

Dated:  February 14, 2018            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

---

[6] The Court believes that it is in the best interests of the parties to settle this case. If the parties would like the Court's assistance in pursuing a settlement, they may contact the Magistrate Judge's chambers to schedule a conference.