**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Allen Beaulieu, individually and d/b/a Allen Beaulieu Photography, | Civil No. 16-3586 (DWF/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Clint Stockwell, an individual; Studio 1124, LLC, a Minnesota limited liability company; Thomas Martin Crouse, an individual; Charles Willard "Chuck" Sanvik, an individual, and Does 3 through 7, | |
| Defendants. | |

---

Russell M. Spence, Jr., Esq., Parker Daniels Kibort LLC, counsel for Plaintiff.

Michael L. Puklich, Esq., Neaton & Puklich, P.L.L.P., counsel for Defendants Clint Stockwell and Studio 1124, LLC.

Edward F. Fox, Esq., Lauren Shoeberl, Esq., and Lewis A. Remele, Jr., Esq., Bassford Remele, counsel for Defendant Charles Willard Sanvik.

Eva Wood, Esq., Outfront MN, counsel for Defendant Thomas Martin Crouse.

---

## INTRODUCTION

This Court granted summary judgment in favor of Defendants Clint Stockwell ("Stockwell") and Charles Willard Sanvik ("Sanvik") on December 7, 2018. (Doc. Nos. 220, 221.) The Court now addresses the remaining issues in the case, including the status

of Defendants Thomas Martin Crouse ("Crouse") and Studio 1124, LLC ("Studio 1124"), Plaintiff's state-law claims, and Defendants' counterclaims.[1]

**BACKGROUND**

The factual background for the above-entitled matter is clearly set forth in the Court's Memorandum Opinion and Order granting summary judgment in favor of Stockwell and is incorporated by reference here. (*See* Doc. No. 221 ("Stockwell Judgment").) The Court notes particular facts relevant to this Order below.

A. Defendants Crouse and Studio 1124

Plaintiff Allen Beaulieu individually and d/b/a Allen Beaulieu Photography ("Beaulieu") alleges that Crouse conspired to deprive Beaulieu of his original photographs and to use the stolen photographs to Beaulieu's detriment. Beaulieu brings four claims against Crouse: (1) conversion (Count Four); (2) unjust enrichment (Count Five); (3) tortious interference with prospective advantage (Count Seven); and (4) injunctive relief (Count Two). (*See* Doc. No. 47 ("Am. Compl.").)

Studio 1124 is a single member limited liability company, solely owned by Stockwell. (Am. Compl. ¶ 6.) Beaulieu brings eight claims against Studio 1124, the same claims he brought against Stockwell: (1) copyright infringement; (2) injunctive relief; (3) willful statutory infringement; (4) conversion; (5) unjust enrichment; (6) fraud;

---

[1] Given the dismissal of Defendants Stockwell and Sanvik, the Court directed each party to inform the Court of its position on the current status of the case. (Doc. No. 222.) The Court has considered the letters filed by each party. (Doc. Nos. 225-228.)

(7) tortious interference with prospective advantage; and (8) violation of Minnesota's Vulnerable Adult Act.

    B.     Plaintiff's State-Law Claims

This Court has original jurisdiction over this action because Count One, copyright infringement, arises under federal law pursuant to U.S.C. 17 §§ 101, *et. seq.* 28 U.S.C. §§ 1331, 1338(a). This Court has supplemental jurisdiction over Beaulieu's state-law claims (Counts Two-Eight) because they are so related to his federal claim that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

Beaulieu's federal claim applies only to Defendants Stockwell and Studio 1124. The Court has already dismissed this claim against Defendant Stockwell. As discussed below, the Court now dismisses this claim against Defendant Studio1124 as well. Given the dismissal of the only federal law claim, the Court must determine whether to retain supplemental jurisdiction over Beaulieu's remaining state-law claims and Defendants' state-law counterclaims.

    C.     Defendants' Counterclaims

Defendants Stockwell and Studio 1124 ("Stockwell Defendants") allege that Beaulieu and Stockwell formed an oral partnership to publish a book of Beaulieu's photos and that Beaulieu received the benefit of substantial professional services from Stockwell for which Stockwell was never compensated. (Doc. No. 53 ("Counterclaims") at 16-18.) The Stockwell Defendants bring two counterclaims against Beaulieu: (1) unjust enrichment; and (2) breach of oral partnership. (*Id.*)

DISCUSSION

I. **Defendants Crouse and Studio 1124**

Defendants Crouse and Studio 1124 have not moved for summary judgment, however the Court has the authority to grant summary judgment *sua sponte*.

A. **Legal Standard**

*Sua sponte* summary judgment is appropriate where "the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted." *Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir. 1995) (internal quotations and citation omitted); *see also*, *Lerohl v. Friends of Minn. Sinfonia*, 332 F.3d 486, 492 (8th Cir. 2003) (finding that a district court "has the power 'to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence'" (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986.)). Further, *sua sponte* summary judgment is appropriate when the liability of a non-moving party is derivative such that summary judgment granted in favor of a moving party leaves no genuine issue of material fact as to the non-moving party's right to summary judgment as well. (*Madewell*, 68 F.3d at 1049) (citing *McNees* v. *Mountain Home*, *Ark.*, 993 F.2d 1359, 1360-62 (8th Cir. 1993)).

Here, the Court finds that Beaulieu had sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted. *Madewell*, 68 F.3d at 1048. Indeed, Beaulieu's allegations against Crouse and Studio 1124 are factually indistinct from those he alleged against Stockwell. Therefore, the reasoning in

the Stockwell Judgment that dismissed all claims against him applies equally to Defendants Crouse and Studio 1124. *See Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Supp. 2d 955, 965, n.9 (D. Minn. 2007) (granting *sua sponte* summary judgment for nonmoving party for the same reasons summary judgment was granted in favor of moving party). The Court finds no genuine issue of material fact as to Crouse's and Studio 1124's right to summary judgment. *Madewell*, 68 F.3d at 1049. Consequently, the Court grants *sua sponte* summary judgment in their favor and dismisses all claims against them.[2]

## II. Plaintiff's State-Law Claims and Defendants' Counter Claims

Beaulieu asks the Court to direct entry of a final judgment as to his dismissed claims against Defendants Stockwell and Sanvik and to stay all remaining claims until resolution by appeal or otherwise. (Doc. No. 228 at 3.) While this is within the Court's discretion pursuant to Fed. Rule Civ. P. 54(b), the Court finds that doing so would contravene judicial efficiency by unnecessarily delaying resolution for Defendants Crouse and Studio 1124 and postponing settlement discussions. Fed. Rule Civ. P. 54(b). Alternatively, Beaulieu asks the Court to decline to exercise jurisdiction over any remaining state claims or counterclaims after granting summary judgment on his federal claim.

---

[2] While it is within the Court's discretion to grant summary judgment on the federal claim and decline to exercise supplemental jurisdiction over the remaining state claims and counterclaims, it declines to do so here.

With respect to supplemental jurisdiction, "[t]he existence of . . . jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Ass'n, Inc.*, 77 F.3d 1063, 1067–68 (8th Cir. 1996) (citing *Bank One Texas Nat'l Ass'n v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994)). But also, where state claims are properly in federal court as supplemental to federal claims, the court has and can retain jurisdiction over those supplemental claims should it so choose. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002). Moreover, "[a] federal district court has discretion to decline jurisdiction if it has 'dismissed all claims over which it has original jurisdiction." *Barstad v. Murray Cty.*, 420 F.3d 880, 888 (8th Cir. 2005) (citing 28 U.S.C. § 1367(c)(3)); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (holding that a district court maintains discretion to either remand the state law claims or keep them in federal court). When federal claims are eliminated prior to trial, "the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie–Mellon Univ.*, 484 U.S. at 350 n.7). When declining to exercise supplemental jurisdiction under § 1367(c), the court can decide to dismiss the remaining claims without prejudice or to remand those claims to state court. *St. John v. Int'l Ass'n of Machinists and Aerospace Workers*, 139 F.3d 1214, 1217 (8th Cir. 1998); *see also Lindsey*, 306 F.3d at 599.

After more than two years of jurisdiction over this action, the Court finds that with respect to judicial economy, fairness, convenience, and comity, it is in the best interest of

all concerned to retain jurisdiction over all claims. It therefore grants *sua sponte* summary judgment in favor Defendants Crouse and Studio 1124 on both federal and state law claims, and retains jurisdiction over the Stockwell Defendants' state law Counterclaims.

To this end, the Court respectfully directs the parties to contact Magistrate Judge Hildy Bowbeer for the purpose of establishing a settlement-mediation conference to discuss Defendants' counterclaims. The Court will also make itself available to assist in any way appropriate in the settlement-mediation if it will be of assistance to the parties and the Magistrate Judge.

## CONCLUSION

The Court grants summary judgment in favor of all defendants and dismisses all of Beaulieu's claims with prejudice. It retains jurisdiction over the Stockwell Defendants' state Counterclaims, and strongly encourages the parties to participate whole-heartedly in a settlement-mediation with Magistrate Judge Hildy Bowbeer. After more than two years, the Court finds it hard to believe that continued litigation will benefit either party.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. With respect to Defendants Thomas Martin Crouse and Studio 1124, LLC, *Sua Sponte* Summary Judgment is **GRANTED**.

2. Plaintiff's Amended Complaint (Doc. No. [47]) as alleged against all remaining defendants is **DISMISSED WITH PREJUDICE**.

7

3. The Court exercises its discretion to retain jurisdiction over Defendants' state law counterclaims.

4. The Court respectfully directs the parties to contact Magistrate Judge Hildy Bowbeer for the purpose of establishing a settlement-mediation conference to discuss Defendants' counterclaims.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 2, 2019                 s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge