UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allen Beaulieu, individually and d/b/a Allen Beaulieu Photography,<br><br>Plaintiff,<br><br>v.<br><br>Clint Stockwell, an individual; Studio 1124, LLC, a Minnesota limited liability company; Thomas Martin Crouse, an individual; Charles Willard "Chuck" Sanvik, an individual, and Does 3 through 7,<br><br>Defendants. | Civil No. 16-3586 (DWF/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Russell M. Spence, Jr., Esq., Parker Daniels Kibort LLC, counsel for Plaintiff.

Michael L. Puklich, Esq., Neaton & Puklich, P.L.L.P., counsel for Defendants Clint Stockwell and Studio 1124, LLC.

Edward F. Fox, Esq., Lauren Shoeberl, Esq., & Lewis A. Remele, Jr., Esq., Bassford Remele, counsel for Defendant Charles Willard Sanvik.

Eva Wood, Esq., Outfront MN, counsel for Defendant Thomas Martin Crouse.

# INTRODUCTION

This matter is before the Court on Plaintiff Allen Beaulieu's ("Beaulieu") Objection to Bill of Costs. (Doc. No. 238.)

**BACKGROUND**

This Court granted summary judgment in favor of Defendants and dismissed all of Beaulieu's claims against them with prejudice. (Doc. Nos. 220, 221, 232.) Thereafter, Defendant Charles Willard "Chuck" Sanvik ("Sanvik") filed a Bill of Costs ("Bill of Costs") with the clerk, seeking payment of deposition fees used to defend against Plaintiff's claims totaling $7,723.95. (Doc. No. 235.) The clerk subsequently filed a cost judgment of $7573.15 in favor of Sanvik.[1] (Doc. No. 240.)

**DISCUSSION**

**I.  Legal Standard**

Under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), the Court has "substantial discretion" in awarding costs to a prevailing party. *Zotos v. Lindbergh*, 121 F.3d 356, 363 (8th Cir. 1997). Unless a federal statute, rules, or court other provides otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Beaulieu has the burden to show that the cost judgement "is inequitable under the circumstances." *Concord Board Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation and internal quotation marks omitted).

**II. Broad Objections**

Beaulieu objects to all items contained in the Bill of Costs because he is indigent, and because Sanvik has more resources. Beaulieu argues that his only regular and

---

[1]  The clerk denied transcript delivery charges in the amount of $80.00 as non-taxable, and denied expedited transcript fees in the amount of $70.80 because there was no explanation of necessity.

2

consistent income is social security retirement benefits of $780.00 per month.  While Beaulieu has attached documentation of his social security benefits (Doc. No. 238, Ex. 1), the record also reflects that he recently published a book (Doc. No. 124, Ex. G) and that he attributes substantial monetary value to his collection of Prince photographs (Doc. No. 47 ¶¶ 23-24.)  The Court finds that Beaulieu has failed to provide sufficient documentation that he is indigent.  The Court is further unpersuaded by Beaulieu's unsubstantiated argument that the cost judgment is inequitable because Sanvik has more resources.

### III. Specific Objections

Beaulieu also objects to specific costs related to the video recording of his depositions on the bases of unnecessity and excessiveness.  The cost to record Beaulieu's first deposition was $1455.00.[2]  (Doc. No. 235 ("Bill of Costs"), Ex. A at 5.)  The cost to record his second deposition was $605.[3]  (*Id.* at 10.)  Additionally, the transcript cost of Beaulieu's first video deposition was $1,674.25.[4]  (*Id.* at 2, 4.)  This is nearly twice that of a deposition of equivalent length and duration which does not include a video

---

[2]     This includes a $550 fee to synchronize the recording's audio and visual, and a $20 delivery fee.  (Bill of Costs, Ex. A. at 5.)

[3]     This includes synchronization and delivery fees of $200 and $20, respectively. (Bill of Costs, Ex. A at 10.)

[4]     The transcript cost of Beulieu's second video deposition was $576.  (Bill of Costs, Ex. A at 2, 9.)  It was approximately one and a half hours in duration and consisted of 95 transcript pages.  (*See* Doc. No. 207, Ex. S.)  In comparison, the cost of Defendant Crouse's deposition was $464.35 (Bill of Costs, Ex. A at 2, 7), though it was approximately three hours long and consisted of 125 pages (*See* Doc. No. 174).

3

recording.[5] (*See* Doc. Nos. 170, 172). Sanvik acknowledges that other depositions prepared at a lower cost because they were not were videotaped. (Doc. No. 239 at 3.)

"A judge or clerk of any court of the United States may task as costs . . . fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Sanvik argues that video recording Beaulieu's depositions was reasonably necessary because a full-length copy of the recording was provided to the Court, multiple clips were played during a hearing before the Court, and the Court cited the depositions multiple time in its Order granting summary judgment in Sanvik's favor. Sanvik does not offer why it was necessary to videotape only Beaulieu's deposition. The Court is not persuaded that the video recording was reasonably necessary. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894 (8th Cir. 2009) (holding the costs of video depositions as taxable under § 1920, unless demonstrated as unreasonable or unnecessary by the non-prevailing party). There is nothing to suggest that the Court would have been less informed had Sanvik relied on a traditional deposition transcript at approximately half the cost. Accordingly, the Court will reduce Sanvik's Bill of Costs by all fees associated with the video recording.[6] Specifically, Beaulieu will not be taxed for the recording and related fees of his first or second deposition, $1435.00 and $585.00, respectively. Further, the Court will reduce the tax of Beaulieu's video deposition

---

[5] The transcript cost of Defendant Clint G. Stockwell's deposition was $867.90. (Bill of Costs, Ex. A at 2.) Both depositions were approximately seven hours in duration and consisted of nearly 300 transcript pages. (*See* Doc. Nos. 170, 172.)

[6] The Court recognizes that the clerk has already reduced the Bill of Costs by the cost to deliver the video recordings.

transcripts by 50% to achieve parity with the depositions that do not include video recording.[7]

Finally, Beaulieu objects to the costs associated with copies of transcripts that he contends were unrelated to Sanvik's summary judgment motion. The Court finds that each transcript was necessarily obtained and used to support Sanvik's argument for summary judgment.

## CONCLUSION

The Court finds that the video recording of Beaulieu's deposition was not necessarily obtained. Accordingly, it reduces Sanvik's Bill of Costs by all costs associated with the recording. The Court finds Beaulieu's additional arguments against the imposition of costs without merit.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff Allen Beaulieu's Objection to Costs (Doc. No. [238]) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

---

[7] Beaulieu will be taxed $837.12 and $288.12 for his first and second deposition transcripts, respectively.

2.	Defendant Charles Willard Sanvik's Cost Judgment (Doc. No. [240]) shall be amended by the clerk's office to reflect a reduction of $3,145.26—the costs associated with video recording.

Dated:  February 19, 2019	<u>s/Donovan W. Frank</u>
	DONOVAN W. FRANK
	United States District Judge