**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Allen Beaulieu, individually and d/b/a Allen Beaulieu Photography,<br><br>Plaintiff,<br><br>v.<br><br>Clint Stockwell, an individual; Studio 1124, LLC, a Minnesota limited liability company; Thomas Martin Crouse, an individual; Charles Willard "Chuck" Sanvik, an individual; and Does 3 through 7,<br><br>Defendants. | Civil No. 16-3586 (DWF/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

---

Russell M. Spence, Jr., Esq., and Christopher M. Daniels, Esq., Parker Daniels Kibort LLC; Bradford P. Lyerla, Esq., Gabriel K. Gillett, Esq., and Leigh J. Jahnig, Esq., Jenner & Block LLP, counsel for Plaintiff.

Michael L. Puklich, Esq., Neaton & Puklich, P.L.L.P., counsel for Defendants Clint Stockwell and Studio 1124, LLC.

Eva Wood, Esq., Outfront MN, counsel for Defendant Thomas Martin Crouse.

Edward F. Fox, Esq., Lauren Shoeberl, Esq., and Lewis A. Remele, Jr., Esq., Bassford Remele, counsel for Defendant Charles Willard Sanvik.

---

# INTRODUCTION

This matter is before the Court on Plaintiff Allen Beaulieu's ("Beaulieu") request for certification of appeal pursuant to Federal Rule of Civil Procedure 54(b), or, alternatively, 28 U.S.C. § 1292(b), or to decline supplemental jurisdiction over state-law

counterclaims.[1] (Doc. No. 263.) For the reasons set forth below, the Court denies Beaulieu's request.

## BACKGROUND

This Court granted summary judgment in favor of Defendants Clint Stockwell ("Stockwell") and Charles Willard Sanvik ("Sanvik") on December 7, 2018. (Doc. Nos. 220, 221.) On January 2, 2019, the Court granted summary judgment *sua sponte* in favor of Defendants Thomas Martin Crouse ("Crouse") and Studio 1124, LLC ("Studio 1124"). (Doc. No. 232 ("January Order").) The Court also retained jurisdiction over Stockwell and Studio 1124's (the "Stockwell Defendants") state-law counterclaims—the only remaining claims in the case.[2] (*Id.* at 7.) The Court strongly encouraged the parties "to participate whole-heartedly in a settlement-mediation" to resolve the remaining claims. (*Id.*)

The parties participated in mediation; however, they were unable to resolve the remaining claims. (Doc. No. 248.) Beaulieu now asks the Court to certify its judgments (Doc. Nos. 223, 224) under Rule 54(b), make findings under 28 U.S.C. § 1292(b), or to decline supplemental jurisdiction over the state-law counterclaims to facilitate an

---

[1] The parties dispute whether Plaintiff's request is a motion to reconsider. (*See* Doc. Nos. 266, 267, 273, 274.) Whether or not the request was properly filed, the Court's analysis is the same.

[2] The Stockwell Defendants allege unjust enrichment and breach of oral contract related to Plaintiff's proposed book project. (Doc. No. 53 ("Counterclaims") at 16-18.) The Stockwell Defendants seek $24,000 in damages, including $5,500 in compensation to Crouse. (*Id.*) The state-law claims are the only remaining claims left in the case.

2

immediate appeal of the Court's decisions. (Doc. No. 264 ("Request") at 1.) Beaulieu contends that doing so will enhance judicial efficiency and fairness. (*Id.* at 5.)

**I.     Certification Under Rule 54(b)**

Beaulieu first asks the Court to certify its judgments under Rule 54(b). Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "[I]nterlocutory appeals under Rule 54(b) are 'generally disfavored.'" *Clos v. Corrs. Corp. of Am.*, 597 F.3d 925, 928 (8th Cir. 2010) (citations omitted). In deciding whether to certify a judgment under Rule 54(b), the Court must first determine whether there has been an ultimate disposition on a cognizable claim for relief as to a claim such that there is a "final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). If the Court determines that there is a final judgment for purposes of Rule 54(b), it "must go on to determine whether there is any just reason for delay," taking into account "judicial administrative interests as well as the equities involved." (*Id.* at 6-7.)

Because the Court's summary judgment decisions disposed of Beaulieu's claims, there is no question that they are final judgments for the purposes of Rule 54(b).

3

Beaulieu contends that both the judicial administrative interests and the equities involved favor appeal and that there is no just reason for delay.

The Court disagrees. The Court is neither convinced that Beaulieu's appeal will advance judicial administrative interests, nor that the equities involved benefit from immediate appeal. While Beaulieu cites a number of reasons that an immediate appeal serves his interests, he is one of several parties involved in the case.[3] As this case now approaches its third year of litigation, the Court declines to delay justice for the others involved in this matter by expediting Beaulieu's right to appeal.

## II. Certification Under 28 U.S.C. § 1292(b)

Alternatively, Beaulieu requests the Court to certify its judgments under 28 U.S.C. § 1292(b). 28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). "Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (internal quotations omitted). The party requesting certification

---

[3] Although Beaulieu contends that Crouse has no interest in the counterclaim, he stands to gain $5,500 if the counterclaim is successful. (*See* Counterclaims at 16.)

"bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* at 376. "Permission to allow interlocutory appeals should []be granted sparingly and with discrimination" due to the additional burdens that such appeals place on both the courts and the litigants. *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White*, 43 F.3d at 376).

Beaulieu contends that whether he granted an implied license to copy his photos, the scope of any license, and whether the license was terminated are controlling questions of law because they could lead to reversal of the judgments. (Response at 9.) He maintains that substantial ground for difference of opinion exists because "the questions presented here involve complex issues that neither the Eighth Circuit nor a district court in Minnesota has specifically addressed." (*Id.*)

The Court disagrees. While the Eighth Circuit may find that the questions are controlling, the Court finds that Beaulieu has failed to meet the "heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White*, 43 F.3d at 377. Although neither the Eighth Circuit nor any district court in Minnesota has specifically addressed the questions Beulieu raises in the exact context he raises them, "[s]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases." *White*, 43 F.3d at 378. Moreover, the existence, scope, and termination of implied licenses are not novel issues. *See*, *e.g.*, *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 754-58 (9th Cir. 2008); *Lulirama Ltd., Inc., v. Axcess Broadcast Services, Inc.*, 128 F.3d 872, 879-883 (5th Cir. 1997); *Travelers Exp. Co., Inc. v. Am. Exp. Integrated Payment Sys. Inc.,* 80 F. Supp. 2d 1033, 1038-41

5

(D. Minn. 1999). The Court concludes that there is "no substantial ground for difference of opinion" and, as such, the second statutory criterion for certification has not been satisfied. *See Union Cnty.*, 525 F.3d at 647. Consequently, Defendants' request for certification under 28 U.S.C. § 1292(b) is denied.

### III. Supplemental Jurisdiction

Alternatively, Beaulieu asks the Court to decline to exercise jurisdiction over the Stockwell Defendant's state-law counterclaims. While the Court previously addressed this issue in its January Order, Beaulieu argues that changed circumstances warrant revisiting the issue. Specifically, Beaulieu contends that because the parties were unable to reach a settlement agreement, the Court should now decline to retain jurisdiction over the state-law claims.

The Court disagrees. While the parties did not settle their claims, "after more than two years of jurisdiction over this action, the Court finds that with respect to judicial economy, fairness, convenience, and comity, it is [still] in the best interest of all concerned to retain jurisdiction over all claims."[4] (January Order at 6-7.)

### CONCLUSION

For the reasons set forth above, the Court declines to certify its prior judgments under either Rule 54(b) or 28 U.S.C. § 1292(b), and retains jurisdiction over the Stockwell Defendants' state-law counterclaims.

---

[4] The Court incorporates the analysis in its January Order by reference. (*See* January Order at 5-7.) The fact that the parties did not settle does not change the analysis.

**ORDER**

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that: Plaintiff Allen Beaulieu's Motion for Entry of Judgment under Rule 54(b), Motion to Certify Interlocutory Appeal/ Motion for Entry of Partial Final Judgment, or in the alterative, to Certify Issues for Interlocutory Appeal (Doc. No. [263]) is **DENIED.**

Dated: June 14, 2019
                                        s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge